UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4773 FMO (MARx) | Date | April 26, 2024 |
|---|---|---|---|
| Title | Hefei Morningstar Healthmate Fitness Co., Ltd. v. Joy Home USA International Co., Ltd., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present  None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Retaining Counsel

On April 23, 2024, the court granted attorney James B. Green and the Castleton Law Group's (collectively, "defense counsel") Motion for Leave to Withdraw as Counsel for Defendants [] (Dkt. 80, "Motion"), allowing defense counsel to withdraw their representation of defendants Joy Home USA International Co., Ltd ("Joy Home"), and Fuhong Zhang ("Zhang").  (See Dkt. 82, Court's Order of April 23, 2024).  By granting the Motion, Joy Home, which is a corporation and/or a type of business entity, no longer has counsel.

It is well-settled that corporations and other business entities cannot appear pro se in federal court; they must be represented by licensed counsel.  See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel.") (citations omitted); Local Rule 83-2.2.2 ("No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.").  In addition, a sole shareholder or principal of a corporation may not represent the corporation in federal court.  See High Country Broad. Co., 3 F.3d at 1245; see also In re Waksberg, 2009 WL 1211355, at *1 (C.D. Cal. 2009) ("[T]he principal of a corporation cannot appear on its behalf *pro se*.  Because it is not a natural person, the corporation must be represented by an attorney.") (citation omitted) (italics original).

Under the circumstances, the court will give Joy Home time to retain counsel to represent itself in this case.  Failure to retain counsel by the deadline set forth below may result in the entry of default against it.

Finally, plaintiff Zhang is advised that pro se litigants "must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by, Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).  If Zhang would like

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-4773 FMO (MARx)** | Date | **April 26, 2024** |
|---|---|---|---|
| Title | **Hefei Morningstar Healthmate Fitness Co., Ltd. v. Joy Home USA International Co., Ltd., et al.** | | |

to retain new counsel, he should do so immediately and no later than the deadline set forth below for Joy Home. The court will not extend deadlines for Zhang to obtain new counsel and/or for his counsel to "come up to speed" on the case.

    Based on the foregoing, IT IS ORDERED THAT:

    1.  A Notice of Appearance must be filed by Joy Home's counsel no later than **May 24, 2024**. The failure to file a Notice of Appearance by **May 24, 2024**, shall result in Joy Home's Answer to the Complaint, (Dkt. 18), being stricken and the entry of default against it.

    2.  In the event Joy Home does not retain counsel by the deadline set forth above, plaintiff shall file a motion for default judgment against Joy Home no later than **May 31, 2024**. Failure to file a motion for default may result in the action against Joy Home being dismissed for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

    Initials of Preparer      vdr